898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry D. BARBER, Plaintiff-Appellant,
v.
Jack MORGAN, Warden; William Chambers, Captain; Corporal
Obies; Officer Gove; Officer Allman, Defendants-Appellees.
 No. 89-5848.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Terry Barber appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 prisoner civil rights action.
 
 
 3
 Barber claimed that he was unfairly reassigned from Unit VI to Unit I at the Tennessee State Prison (TSP) in retaliation for the numerous lawsuits that he has filed. He also claimed that he was denied due process as he did not receive a hearing before he was transferred, and that he was singled out for reassignment to Unit I when no other prisoners in his situation have been moved. As a result, he claimed that he lost privileges, and has much more severe living conditions and restrictions upon him. The defendants are the warden and various TSP officials. Barber requested damages and injunctive relief.
 
 
 4
 After reviewing the magistrate's report and recommendation and Barber's objections, the district court dismissed the case as frivolous.
 
 
 5
 In addition to the claims raised in his complaint, on appeal Barber argues that the court's sua sponte dismissal of his complaint was improper.
 
 
 6
 Upon consideration, we conclude that the district court correctly dismissed the complaint because it is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 7
 As an initial matter, Barber's argument that the district court improperly sua sponte dismissed his complaint is meritless. The court's order did not specifically cite to Sec. 1915(d), however, the court expressly adopted the magistrate's report and recommendation which did cite to Sec. 1915(d). In addition, the court specified that it had examined Barber's objections before dismissing the complaint as frivolous. Barber had the opportunity to correct the deficiencies in his complaint after receiving the report and recommendation and before his case was reviewed by the district court. As a result, this claim has no merit.
 
 
 8
 Second, the district court correctly dismissed Barber's claim that he was unfairly reassigned from Unit VI to Unit I at TSP in retaliation for the numerous lawsuits he has filed. A review of the record indicates that he was reassigned to another cell because he was incompatible with another death row inmate, Coleman. Prison officials gave Barber the option of remaining in Unit VI, but he declined to move to another cell in that unit. Barber was moved to Unit I after he and inmate Coleman were given the opportunity to resolve their differences and after at least two meetings at which officials discussed the dispute with Barber. Given the conflict between Barber and the other death row inmate, the prison officials' decision to reassign Barber will be accorded deference as this action was needed to preserve internal order and discipline and to maintain institutional security. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 9
 To the extent that Barber claimed a liberty or property interest in not being reassigned to another unit, this claim fails. Inmates have no liberty interest in placement within a particular section within a prison. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). Barber did not allege that the state created a liberty or property interest which could not be deprived without due process, and one is not otherwise apparent. While Barber complained that he did not receive notice and a hearing before his cell reassignment, he does not have a due process interest in procedural due process. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983) ("Process is not an end in itself.").
 
 
 10
 Finally, Barber's claim that he was discriminated against when he was reassigned has no merit. 42 U.S.C. Sec. 1985 creates a cause of action against those who conspire to obstruct justice, or to deprive any person of equal protection or the privileges and immunities provided by the Constitution. Barber has no section 1985 claim because he failed to allege a class-based conspiracy. See Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971). The complaint thus presents no claim for relief.
 
 
 11
 For these reasons, the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.